# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. 13-00099 |
| CHONG C. KIM dba AB KON, | **ORDER** |
| Debtor. | |

This matter came before the court when, in issuing its decision on the Chapter 7 Trustee's Motion for Order for Contempt Against Vanessa L. Williams and the Law Office of Vanessa L. Williams, P.C., the court raised issues that were not before it. Specifically, after the court ruled on the motion for contempt, the court made a finding that the non-debtor spouse's interest in the community property is not liable for debtor's separate debts and that community property law on Guam may impact the validity of the lien.[1] *See* Order dated December 15, 2016, ECF No. 132 at 17-19. Based on this finding, the court ordered the parties to brief the issue on how to provide the non-debtor spouse an opportunity to protect her interest. The parties filed their briefs and the

---

[1] None of these issues were raised in the motion for contempt, the opposition to the motion for contempt, and the reply to the opposition.

1

court now issues its decision.[2]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The background of this case has been thoroughly recounted in previous court decisions. However, for clarity within this order, certain relevant facts are recited here.

On August 9, 2013, Debtor Chong C. Kim dba AB Kon filed a Chapter 7 Voluntary Petition. *See* ECF No. 1. Thereafter, on July 28, 2014, Chapter 7 Trustee ("Trustee") filed an adversary complaint against Kumho Investment Bank, nka Woori Investment Bank Co. LTD., and Kumho Life Insurance Company, LTD., nka KDB Life Insurance Co., LTD. (collectively hereinafter "Kumho"), wherein Trustee seeks to avoid the secured mortgage lien held by Kumho. *See* ECF No. 1, AP[3] No. 14-00003. That mortgage lien held by Kumho was attached to the real property that was conveyed to Debtor and his non-debtor spouse through a certain Quitclaim Deed. *See* Ex. E at 46-51, Ownership & Encumbrance Report, ECF No. 9, AP No. 14-00003. A Motion to Approve Settlement was filed on September 10, 2015, in the adversary proceeding, and the court approved the settlement after a hearing on October 23, 2015.[4] *See* ECF Nos. 20 and 37, AP No. 14-00003.

The settlement provides in part that (1) Kumho execute a Partial Release of 50% of its Second Mortgage; and (2) upon Trustee's receipt of the recorded Release of Mortgage, Trustee was to file a separate adversary proceeding to sell the estate's interest and non-debtor spouse's interest, with the proceeds of the sale to be distributed as follows: (i) Kumho shall receive 30%

---

[2] At the July 13, 2018 hearing, the court agreed not to issue its decision while the parties attempt to settle this matter. *See* ECF No. 153. However, the U.S. Trustee informed the court at the June 28, 2019 hearing that a settlement agreement was not achieved.

[3] "AP" shall stand for "Adversary Proceeding" throughout this order.

[4] The court notes that the non-debtor spouse's counsel made an entry of appearance in AP 14-00003 on October 22, 2015 (*see* ECF No. 35), and counsel was present at the hearing approving the settlement agreement (*see* ECF No. 36). Counsel did not file any objection to the motion approving the settlement agreement, nor did counsel state any objection at the hearing.

2

of the net proceeds of the estate's sale of its 50% undivided interest in the real property secured by the mortgage. Net proceeds is defined as 50% of the gross proceeds from the sale of the estate's 50% undivided interest in the real property secured by the mortgage minus estate's attorney fees and costs, trustee and administrative fees, and brokerage fees and closing costs; (ii) the remaining balance of the proceeds shall then be distributed to priority and unsecured creditors of the estate; (iii) non-debtor spouse's interest in the proceeds shall be subject to the offsets due to any debt owed to her secured creditors, and in accordance with 11 U.S.C. § 363(j). *See* Ex. A at 5-7, Mutual Release and Settlement Agreement, ECF No. 21, AP No. 14-00003. Distribution of monies under (i) and (ii) is subject to the Bankruptcy Court's approval. *Id.* at 7.

Pursuant to the approved settlement, the Trustee filed a separate adversary proceeding on December 10, 2015, seeking to sell both the estate and the co-owner's interests in real property and personal properties. *See* ECF No. 1, AP No. 15-00001. The non-debtor spouse filed a motion to either dismiss the adversary proceeding or order Kumho joined as an indispensable party, because the non-debtor spouse disputes whether Kumho has a valid and enforceable lien against the real property. *See* ECF No. 6, AP No. 15-00001. On March 29, 2016, the court denied the motion because under FED. R. CIV. P. 19(a), none of the reasons for joining a required party exists. *See* ECF No. 13, AP No. 15-00001. Thereafter, the Trustee filed a motion for summary judgment for the sale of the property, and the non-debtor spouse conceded that she has no legitimate objection to the sale of the property. *See* ECF Nos. 17 and 23, AP No. 15-00001. On August 29, 2016, the court granted in part the summary judgment, allowing the sale of the real property[5] and personal properties, but denying Trustee's request that the non-debtor spouse and

---

[5] Under AP No. 15-00001, the court granted the Trustee's motion to sell the real property pursuant to 11 U.S.C. § 363(h). The court notes, however, that because the real property is property of the estate, the Trustee is also authorized to sell it pursuant to 11 U.S.C. § 363(b), and the Trustee need not meet the conditions set forth under 11 U.S.C. § 363(h)(1)-(4). *See* 3 *Collier on Bankruptcy* ¶ 363.08[3] (16th ed. 2018); *In re Hendrink*, 45 B.R. 976, 987-88 (Bankr. M.D. La. 1985).

3

debtor vacate the real property within 15 days of the court's order.[6] *See* ECF No. 33, AP No. 15-00001.

After the court denied the non-debtor spouse's motion to join Kumho as an indispensable party under AP No. 15-00001, but before the court issued its decision granting the sale of the real property, the non-debtor spouse filed a civil case before this court, naming Kumho as a defendant on April 29, 2016. *See* ECF No. 1, Civil Case No. 16-00033. Therein, the non-debtor spouse challenges the validity and enforceability of the Kumho mortgage on the real property. *Id*.

On October 3, 2016, the Trustee filed a Motion for Order for Contempt against the non-debtor spouse's counsel in Civil Case No. 16-00033. *See* ECF No. 119. The court denied the motion. *See* ECF No. 132. As noted *supra*, the court ordered the parties to brief the issue on how to provide the non-debtor spouse an opportunity to protect her interest. In light of the long history of this bankruptcy proceeding, along with its related adversary proceedings, the court did a thorough review of the record in all the proceedings, as well as the relevant Bankruptcy code and caselaw. As discussed more fully herein, the court finds that the non-debtor spouse has no standing to contest a possibly invalid mortgage lien on a property that *belongs* to the bankruptcy estate.

## II. DISCUSSION

### a. Non-debtor spouse has no standing to contest a possibly invalid mortgage lien on a property belonging to the bankruptcy estate.

Section 541(a) creates an estate at the commencement of a bankruptcy case. 11 U.S.C. §541(a). That estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—(A) under the sole, equal, or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or

---

[6] The court ordered the parties to work out an acceptable move-out date. *See* Order at 8, ECF No. 33, AP No. 15-00001.

4

for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2). Thus, a bankruptcy petition filed by one spouse passes all the community property into the estate, including the interest of the non-debtor spouse. *In re Teel*, 34 B.R. 762, 764 (B.A.P. 9th Cir. 1983); *In re Bouzas*, 294 B.R. 318, 321 (Bankr. N.D. Cal. 2003) ("[E]ven if only one spouse files the bankruptcy petition, virtually all of the community property becomes property of the estate, the nonfiling spouse's share of the community property as well as the debtor's."). While the Bankruptcy code determines that community property is part of the bankruptcy estate, courts must look to state law to determine what constitutes "community property." *In re McCoy*, 111 B.R. 276, 279 (B.A.P. 9th Cir. 1990).

Under Guam law, "community property" is defined as "property acquired by either spouse during marriage which is not separate property." 19 GUAM CODE ANN. § 6101(b). "Property acquired during marriage by either husband or wife, or both, is presumed to be community property." 19 GUAM CODE ANN. § 6105(a). In this case, the real property was acquired by both debtor and non-debtor spouse during their marriage.[7] *See* H.C. Kim's Decl. at 2, ECF No. 7, AP No. 15-00001. Further, under Guam law, each spouse has the right to manage and control the community real property, although said property may not be sold or encumbered without the consent of both spouses. 19 GUAM CODE ANN. § 6106(a). In addition, community property is liable for community debts. *See* 19 GUAM CODE ANN. § 6104(a). Thus, the community real property in this case clearly falls within the definition of § 541(a)(2), and is therefore property of the bankruptcy estate.

"Upon the filing of a bankruptcy petition, the chapter 7 trustee . . . obtains management and control of all property of the estate." 1 *Collier Family Law and the Bankruptcy Code* ¶

---

[7] The court takes judicial notice of the Declaration by the non-debtor spouse filed in AP No. 15-00001.

4.03[5] (Henry J. Sommer & Margaret Dee McGarity ed. 2018), citing 11 U.S.C. §704; *In re Lang*, 191 B.R. 268, 272 (Bankr. D.P.R. 1995); and *In re Melenyzer*, 140 B.R. 143, 148 (Bankr. W.D. Tex. 1992) (other citations omitted). The non-debtor spouse's right to manage and control community property terminates once the community property enters the bankruptcy estate. *See* 1 *Collier Family Law and the Bankruptcy Code* ¶ 4.03[5] (Henry J. Sommer & Margaret Dee McGarity ed. 2018).

In *In re Lang*, for example, the non-debtor spouse argued that she is legally entitled to 50 percent of the proceeds derived from the sale of community real property prior to the payment of any claims and opposed the sale of said property. 191 B.R. at 271. Under Puerto Rico law, similar to Guam's, community property is jointly managed by the spouses and said property cannot be sold or encumbered without the consent of both spouses. *Id.* at 271-72. The court finding that the community property belongs to the bankruptcy estate, cited to 4 *Collier on Bankruptcy* P 541.15 (15th ed. 1995), wherein it quoted that "one necessary effect of section 541(a)(2) is to terminate the right of the non-debtor spouse to manage and control community property." *Id.* at 272. Therefore, the court denied the non-debtor spouse's motion for adequate protection of her interests.[8] *Id.* at 272-73.

In another example, the Ninth Circuit also denied the non-debtor spouse's attempt to protect her interest. Chapter 7 debtor husband and non-debtor wife own a community real property. *In re Homan*, 112 B.R. 356, 358 (B.A.P. 9th Cir. 1989). While debtor husband listed the real property in the schedule of assets, he did not include said property in the exemption. *Id.* at 358. In an effort to protect her interest, the non-debtor wife declared the property a state homestead exemption. *Id.* The trustee argued that the non-

---

[8] The court also made a finding that the Puerto Rico law on requiring consent by both spouses to sell community property is in conflict with bankruptcy law, its goals and purposes, and therefore preempted that particular state law provision. *In re Lang*, 191 B.R. at 272.

6

debtor wife had no right to do so and the appellate court found in the trustee's favor. In its reasoning, the court found that the entry of the community property into debtor husband's bankruptcy estate gave the debtor the exclusive right to claim exemptions and that decision binds the non-debtor wife. *Id.* at 359.

Although this court was unable to find an analogous case, wherein it specifically discusses a non-debtor spouse's right to contest a possibly invalid mortgage lien on a property belonging to the bankruptcy estate, the inevitable conclusion—based on the well-settled legal principles discussed above—is that the non-debtor spouse in this case has no standing while the property in question is property of the bankruptcy estate. The entry of the community property into debtor's bankruptcy estate gave the Trustee the exclusive right to manage and control the community property. *See also In re Century City Doctors Hosp., LLC*, 2010 WL 6452903 at *11 (B.A.P. 9th Cir. Oct. 29, 2010) ("[I]n chapter 7, no one other than the chapter 7 trustee has authority postpetition, on behalf of the bankruptcy estate, to manage and control the debtor's business and assets. In chapter 7 cases, the trustee is the sole representative of the bankruptcy estate, and the debtor's prebankruptcy management has no authority over the bankruptcy estate." (citations omitted)).

As the appellate court clearly articulated in *In re Homan*,

> What may seem at first blush a hard result for non-debtor spouses is normally compensated for by other Code provisions. First, prior to the consummation of a sale of community property by the estate of a debtor spouse, the nondebtor spouse has a right of first refusal to purchase the property at the proposed sale price. Section 363(i). Moreover, a nondebtor spouse in a community property state typically benefits from the discharge of the debtor spouse. According to Section 524(a)(3), after-acquired community property is protected by injunctions against collection efforts by those creditors who held allowable community claims at the time of filing. This is so even if the creditor claim is against only the nonbankruptcy spouse; the after-acquired community property is immune.

112 B.R. at 360 (citation omitted).

7

### b. The court clarifies Section III(C)(1)(b) of its decision dated December 15, 2016.

The court clarifies a portion of its decision dated December 15, 2016. *See* ECF No. 132, 17-19. The court erred when it raised issues not before it and which are not pertinent to this case. Specifically, the court finds 19 GUAM CODE ANN. § 6103(a) irrelevant for purposes of this case as that statute pertains to separate debts. What is at issue here is community property. "Community property in a bankruptcy case is segregated and distributed" pursuant to 11 U.S.C. § 726(c). *In re Merlino*, 62 B.R. 836, 839-40 (Bankr. W.D. Wash. 1986). Further, to the extent that Guam law may be in conflict with the Bankruptcy Code, the Bankruptcy Code will control under the supremacy clause, Article VI, Clause 2, of the United States Constitution. *In re Teel*, 34 B.R. at 764.

The court also erred when it made unnecessary observation as to the validity of the mortgage lien held by Kumho and when the court raised certain Guam statutes to consider (*i.e.*, 19 GUAM CODE ANN. § 6106(a) and 21 GUAM CODE ANN. § 29157). The validity of the mortgage lien is *not* an issue before this bankruptcy proceeding. For purposes of the bankruptcy estate, a settlement agreement—which non-debtor spouse did *not* object to—resolved the Kumho mortgage lien in AP No. 14-00003. Further, as discussed *supra*, the non-debtor spouse has no standing to contest the validity of the mortgage lien on a property that belongs to the bankruptcy estate.

Again, as noted above, the issue before this court when it issued its December 15, 2016 Order was Trustee's Motion for Order for Contempt Against Vanessa L. Williams and the Law Office of Vanessa L. Williams, P.C., and nothing else.

### c. Trustee's request for judgment pursuant to Rule 58(b)(1)(C) and request to appeal.

8

In light of this court's denial of the Trustee's motion for contempt, the Trustee requests that the court enter judgment pursuant to FED. R. CIV. P. 58(b)(1)(C), and allow for the filing of an appeal. *See* ECF No. 134, at 12. At this time, this court will construe the Trustee's request as a timely filed motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Trustee may file his memorandum for motion for reconsideration, if he wishes to do so, within two weeks from the issuance of this order. Response to the memorandum, if any, shall be filed two weeks after Trustee files his memorandum, and Reply, if any, shall be filed one week thereafter.

### III. CONCLUSION

Based on the foregoing, the court finds that non-debtor spouse has no standing to contest a possibly invalid mortgage lien on a property that belongs to the bankruptcy estate.

Further, the court has been more than accommodating when it allowed the debtor and non-debtor spouse to not immediately vacate the real property within 15 days, as requested by the Trustee in his motion to sell the property in Adversary Proceeding No. 15-00001. This court was under the assumption that the parties would work out an acceptable move-out date when it issued its decision on August 29, 2016. However, it has been almost three years since that decision was issued and the debtor and non-debtor spouse have yet to vacate the real property.[9] According, it is hereby ordered that the debtor and non-debtor spouse vacate the real property **within fifteen (15) days** from the date of this order.

---

[9] At the July 13, 2018 hearing, the court was prepared to order the debtor and non-debtor spouse to vacate the property. However, the court held off on issuing its order because the parties informed the court that they were willing to engage in settlement discussions. As a condition to their settlement discussions, the parties agreed to allow the debtor and non-debtor spouse to reside at the property provided that, *inter alia*, they obtain homeowner's insurance for the property. At the June 28, 2019 hearing, the court learned that the homeowner's insurance lapsed since December 2018, and no proof of insurance coverage has since been provided to the Trustee. Moreover, as noted above, the parties did not reach a settlement agreement.

9

1 Lastly, Civil Case No. 16-00033 shall be stayed until the conclusion of this bankruptcy proceeding.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
 Chief Judge
**Dated: Jun 28, 2019**